```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                    HAMMOND DIVISION
```

FLOYD COFFMAN and                )
JEAN COFFMAN, citizens of        )
the State of Indiana,            )
                                 )
Plaintiffs,                      )
                                 )
vs.                              )   CAUSE NO. 2:16-CV-157
                                 )
DUTCH FARMS, INC. and            )
BRIAN GARNER, a citizen of       )
the State of Indiana,            )
                                 )
Defendants.                      )


## OPINION AND ORDER

This matter is before the Court on: (1) Plaintiffs' Motion to Remand, filed on May 10, 2016 (DE #7); (2) Defendants' Motion for Leave to Amend the Notice of Removal, filed on July 1, 2016 (DE #15); and (3) Defendants' Motion for Leave to File a Surreply in Opposition to Plaintiffs' Motion to Remand, filed on July 1, 2016 (DE #16). For the reasons set forth below, the Defendants' Motion for Leave to Amend the Notice of Removal is **DENIED**, and Defendants' Motion for Leave to File a Surreply in Opposition to Plaintiffs' Motion is **DENIED.** Furthermore, the Plaintiffs' Motion to Remand is **GRANTED** and this case is **REMANDED** back to the Lake Superior Court of Lake County, Indiana. Additionally, Plaintiffs are

**AWARDED** their just costs and actual expenses, including attorneys' fees, as a result of the removal.

BACKGROUND

On March 24, 2016, Plaintiffs Floyd and Jean Coffman filed their complaint for negligence against Defendants Dutch Farms, Inc. ("Dutch Farms") and Brian Garner ("Garner") in the Lake Superior Court. (DE #4). The Plaintiffs' complaint alleges that Dutch Farms was "negligent and/or reckless" when it breached its "duty to use reasonable care in the operation, entrustment, inspection, maintenance, and repair of the tractor-trailer, and in the hiring, training, retention, and/or supervision of the drivers chosen to operate it," in violation of Parts 390, 391, 392, 393, 395, and 396 of the Federal Motor Carrier Safety Regulations ("FMCSRs"), the provisions of which were adopted by reference as Indiana law. (*Id*. ¶¶ 7-10.). *See* I.C. § 8-2.1-24-18. Plaintiffs have alleged that Dutch Farms was negligent and reckless (Count I), that Dutch Farms is vicariously liable for the negligent and reckless conduct of its employee, Garner (Count II), and that Garner is liable for his own negligent and reckless conduct (Count III).

The Defendants were served with the summons and complaint on April 5, 2016. On May 4, 2016, Defendants filed a notice of removal, alleging that this Court maintains jurisdiction over this

matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(c). According to Defendants, the Plaintiffs' complaint alleges violations of federal law. (DE #1, ¶ 5). Specifically, the Plaintiffs allege numerous breaches of duty under the FMCSRs, particularly Parts 390, 391, 392, 393, 395 and 396. (*Id*. ¶ 4).

The Plaintiffs filed the instant motion to remand on May 10, 2016. (DE #7). Plaintiffs allege that no federal claim under the FMCSRs was ever raised in their complaint, and that such a claim could not be made because the FMCSRs do not create a private right of action for personal injuries. Plaintiffs further allege that the state law claims pled in their complaint do not implicate any federal issues. Plaintiffs also seek attorneys' fees and costs incurred as a result of the removal, claiming that "this case was never removable and defendants lacked an objectively reasonable basis to remove this case." (DE #7 at 2).

The Defendants filed a response in opposition to Plaintiffs' Motion to Remand on June 10, 2016 (DE #13), to which the Plaintiffs filed a reply in further support of their motion on June 20, 2016. (DE #14). Defendants then filed a Motion for Leave to Amend the Notice of Removal and a Motion for Leave to File a Surreply in Opposition to Plaintiffs' Motion to Remand on July 1, 2016. (DE ##15, 16). Plaintiffs filed responses in opposition to both of these motions on July 7, 2016 (DE ##17, 18). Defendants filed a reply in support of the motion for leave to amend on July 13, 2016.

3

(DE #19).  Accordingly, the Plaintiffs' Motion to Remand, Defendants' Motion for Leave to Amend the Notice of Removal, and Defendants' Motion for Leave to File a Surreply in Opposition to Plaintiffs' Motion to Remand are ripe for adjudication.

DISCUSSION

A case may be removed from state court to federal court if it is based on statutorily permissible grounds and if it is timely. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). *See also* 28 U.S.C. § 1441; 28 U.S.C. § 1446.  The Seventh Circuit has directed that, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.  Any doubt regarding jurisdiction should be resolved in favor of the states, and the burden of establishing federal jurisdiction falls on the party seeking removal." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)(citations omitted). The party seeking removal must demonstrate that removal is proper. *Boyd*, 366 at 529.  When challenged, the party seeking federal jurisdiction bears the burden of proving by a preponderance of the evidence that a case belongs in federal court. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006).

A defendant can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The district court

4

has original jurisdiction over claims arising under federal law. 28 U.S.C. § 1331. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Citadel Sec., LLC v. Chi. Bd. Options Exch., Inc.*, 808 F.3d 694, 701 (7th Cir. 2015)(citations omitted).

A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." 28 U.S.C. § 1446(b)(1). A plaintiff can move to remand within 30 days thereafter. 28 U.S.C. § 1447(c). "In considering a motion for remand, the court must examine the plaintiffs' complaint at the time of the defendant's removal and assume the truth of all factual allegations contained within the original complaint." *Scouten v. MNL-FTS, LLC*, 708 F.Supp.2d 729, 731 (N.D. Ill. 2010)(quotations and citation omitted).

Plaintiffs' Motion to Remand

Federal question jurisdiction arises where the well-pleaded complaint contains a federal cause of action or, alternatively, "requires resolution of a substantial question of federal law in dispute between the parties." *Baker v. Johnson & Johnson*, 709

F.Supp.2d 677 (S.D. Ill. 2010)(quoting *Franchise Ta Bde. Of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983)).

Here, only state law negligence claims are alleged; namely, claims that Dutch Farms was negligence and reckless, that Dutch Farms is vicariously liable for the negligence and recklessness of Garner, and that Garner is liable for his own negligence and recklessness. While the complaint does reference the FMCSRs, each of the sections of the FMCSRs referenced in the complaint has been adopted by reference as a part of Indiana Code. *See* Ind. Code § 8-2.1-24-18.

Furthermore, reliance on the FMCSRs to establish negligence does not demonstrate that there is a substantial and disputed federal issue to resolve even if the provisions at issue had not been adopted as Indiana law. The Supreme Court, in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986), addressed this issue in the context of a state law negligence claim alleging that the misbranding of a drug in violation of federal law demonstrated negligence. The Court held that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Id.* at 817 (quoting 28 U.S.C. § 1331). The

Supreme Court addressed the issue again in 2005, indicating that, in deciding whether a state-law cause of action with an embedded federal issue gives rise to federal question jurisdiction, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The Court in *Grable* affirmed its earlier decision in *Merrell Dow*, noting:

> A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts. Expressing concern over the 'increased volume of federal litigation,' and noting the importance of adhering to 'legislative intent,' *Merrell Dow* thought it improbable that Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law 'solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence]… under state law.'

*Id.* at 318-19. Consistent with *Merrell Dow* and *Grable*, district court's routinely find federal question jurisdiction lacking in cases involving state law causes of action asserting violations of federal regulations to establish an element of the claim. *See*

7

*Fuller v. BNSF Railway Co.*, 472 F.Supp.2d 1088 (S.D. Ill. 2007)(collecting cases on this point). As noted in *Fuller*:

> The state-law tort case in which a violation of a federal regulation is asserted merely as an element of a negligence claim is unmistakably of the kind that, absent federal subject matter jurisdiction in diversity, belongs in state court so as not to 'materially affect, or threaten to affect, the normal currents of litigation.' *Grable*, 545 U.S. at 319, 125 S. Ct. 2363. As both *Merrell Dow* and *Grable* make clear, a plaintiff's invocation of federal law as the source of a duty under state law is simply insufficient to create federal question jurisdiction.

*Id.* at 1095. *See also McCutcheon v. Pavco Trucking Co., Inc.*, 2015 WL 1969373, at *2 (S.D. Ind. Apr. 30, 2015)(finding, in the context of state law wrongful termination claims, that plaintiff's allegations that defendants violated FMCSRs did not raise a substantial and disputed federal question giving rise to federal question jurisdiction). Here, Plaintiffs' references to the FMCSRs serve only as a method of demonstrating Defendants breached their duty to Plaintiffs; there can be no federal question jurisdiction arising under these circumstances.

In their response to the motion to remand, Defendants assert that this Court has federal question jurisdiction because Plaintiffs pled a claim for placard liability under 49 C.F.R. § 376.12(c)(1). While Defendants argue that a claim for placard liability provides federal jurisdiction under both 28 U.S.C. §

1331 and § 1337, Defendants neither raised nor argued placard liability in their notice of removal.

Furthermore, despite the Defendants' contention, the complaint before this Court does not allege placard liability. "Placard liability … operates to hold federally authorized carriers … that are licensed by the United States Department of Transportation ("USDOT") and display their USDOT numbers on their truck, vicariously liable for the negligence of drivers operating under a lease." *Nat'l Am. Ins. Co. v. Progressive Corp.*, 43 F. Supp. 3d 873, 882 (N.D. Ill. 2014), *aff'd*, 796 F.3d 717 (7th Cir. 2015)(internal quotations and citations omitted). Neither placard liability nor the section of the FMCSRs that addresses placard liability was referenced in the complaint. Although some factual assertions in the complaint may be consistent with a theory of placard liability, the complaint makes no mention whatsoever of any lessee or lease arrangement. In fact, it affirmatively alleges that Garner was an employee of Dutch Farms, an allegation inconsistent with placard liability. Because the complaint before this Court does not allege placard liability, this Court need not address whether there is a federal private right of action pursuant to 49 C.F.R. § 376.12 or whether an allegation of placard liability would raise a substantial and disputed question of federal law.

Here, the Plaintiffs' complaint does not contain any federal causes of action based on the provisions of the FMCSRs referenced

9

in the complaint. Additionally, the complaint's references to the FMCSRs do not raise a substantial and disputed question of federal law. The Defendants theory that federal question jurisdiction arises from allegations of placard liability also fails, because the complaint does not allege placard liability. Accordingly, this Court lacks subject matter jurisdiction over the Plaintiffs' complaint and the matter must be remanded to state court.

Defendants' Motion for Leave to Amend the Notice of Removal

As previously mentioned, a notice of removal must be filed within 30 days of a defendant's receipt of the complaint. 28 U.S.C. § 1446(b)(1). The notice of removal may be freely amended during this 30-day period. 28 U.S.C. § 1653. However, substantive amendments to the petition for removal are usually barred after the allowed 30 days has expired. *Stein v. Sprint Communications*, 968 F. Supp. 371, 375 (N.D. Ill. 1997). Substantive amendments are those that state a new basis for exercising jurisdiction. *Simmons v. COA, Inc.*, 2012 WL 3870535, at *1 (N.D. Ind. Sep. 6, 2012). While a court may allow an amendment after 30 days to cure a "technical defect," substantive amendments to removal petitions are prohibited after more than 30 days from service. *Id.*

In the present case, the proposed amendment asserting jurisdiction on the basis of placard liability pursuant to 29 C.F.R. § 376.12(c) is a substantive amendment providing a new basis

10

for exercising jurisdiction over this action. Each of the provisions of the FMCSRs relied upon initially in Defendant's Notice of Removal were both cited in the complaint itself and incorporated into Indiana law by reference, while the placard liability provision of the FMCSRs is neither cited in the complaint itself nor incorporated into Indiana law. Under these circumstances, the omission of any reference to section 376 or any other indication that removal was based on placard liability in the notice of removal cannot be construed as a mere technical error.

The time period for making substantive amendments to the notice of removal expired prior to the motion to amend being filed. Defendants were served with the complaint on April 5, 2016, and did not file the motion to amend the notice of removal until July 1, 2016, nearly three months later. As such, the requested amendment is outside the allotted 30-day time period and therefore impermissible.

Even if this Court characterized the proposed amendment as technical, as Defendants argue, the amendment would be futile. As explained above, Plaintiffs complaint cannot be fairly read as alleging placard liability, and it therefore cannot provide a basis for removal in this case, even assuming allegations of placard liability would suffice to endue this Court with subject matter

jurisdiction over Plaintiffs' claims. Accordingly, Defendants' Motion for Leave to Amend the Notice of Removal is **DENIED**.

Defendants' Motion for Leave to File a Surreply in Opposition to Plaintiffs' Motion to Remand
----

Defendants seek leave to file a surreply claiming that Plaintiffs raise a number of new arguments in their reply that were not included in their original Motion to Remand. (DE #16.) More specifically, Defendants note that Plaintiffs' reply brief argues that Plaintiffs pled a state law claim for vicarious liability and vicarious liability only, that placard liability does not give rise to a private right of action, and that a substantial issue of federal law was not raised by Plaintiffs' complaint.

This Court's local rules contemplate the filing of a response and a reply brief only. N.D. Ind. L.R. 7-1(d). While generally not permitted, a surrply may be allowed when the reply brief "raises or responds to some new issue or development in the law." *See Mayer v. EMC Mortg. Corp.,* No. 2:11-CV-147, 2014 WL 1607443 at *6 (N.D. Ind. Apr. 22, 2014)(quotations and citations omitted).

Here, Plaintiffs' reply brief is appropriately responsive to issues raised in Defendants' response that could not reasonably have been anticipated. Plaintiffs cannot possibly be expected to raise the issue of placard liability in their motion to remand

when it was not asserted as a basis for jurisdiction by Defendants in their notice of removal, the complaint did not mention a lease, specifically asserted that Garner was an employee of Dutch Farms, and did not cite the placard liability provision of the FMCSRs. Plaintiffs were merely replying to arguments first raised in response to their motion to remand. A reply addressing an argument raised in a response brief does not warrant the filing of a surreply. *See Schaefer-LaRose v. Eli Lilly and Co.*, 663 F.SUpp.2d 674, 698 (S.D. Ind. 2009)(finding a magistrate judge was well within his discretion in denying leave to file a surreply where there was no new evidence and "the only 'new' arguments raised in the reply were in response to the arguments raised in the response brief."). Therefore, Defendants' Motion for Leave to File a Surreply in Opposition to Plaintiffs' Motion to Remand is **DENIED**.

<u>Attorneys' Fees</u>

Next, the Court must address whether to award the Plaintiffs attorneys' fees and costs under 28 U.S.C. § 1447(c), as a result of the Defendants' improper removal. As the Supreme Court has stated, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). "Absent unusual circumstances, courts may award

attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. Under Seventh Circuit law, "if, at the time the defendant filed his notice in federal court, clearly established law demonstrating that he had no basis for removal, then the district court should award a plaintiff his attorneys' fees." *Lott v. Pfizer, Inc*., 492 F.3d 789, 793 (7th Cir. 2007).

In the present case, Plaintiffs argue that they have needlessly incurred attorney fees and costs due to the Defendants' meritless removal of this action and untimely arguments based upon placard liability. As explained previously, the relevant case law shows that there is no legitimate basis for removal of a state law negligence action when FMCSRs are only being used to establish a standard of care in a negligence case*.* Defendants' arguments regarding placard liability come too late and the allegations of the complaint do not support Defendants' assertion that the theory is applicable. Defendants lacked an objectively reasonable basis for removing this case, and the Court awards the Plaintiffs just costs and actual expenses, including attorneys' fees, as a result of the removal.

CONCLUSION

For the aforementioned reasons, the Defendants' Motion for Leave to Amend the Notice of Removal (DE #15) is **DENIED**, and

14

Defendants' Motion for Leave to File a Surreply in Opposition to Plaintiff's Motion (DE #16) is **DENIED**. Furthermore, the Plaintiffs' Motion to Remand (DE #7) is **GRANTED** and this case is **REMANDED** back to the Lake Superior Court of Lake County, Indiana. Additionally, the Plaintiffs are **AWARDED** their just costs and actual expenses, including attorneys' fees, as a result of the removal.

**DATED: February 24, 2017**  /s/RUDY LOZANO, Judge
**United States District Court**