IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
FLOYD COFFMAN and                   )
JEAN COFFMAN, citizens of           )
the State of Indiana,               )
                                    )
Plaintiffs,                         )
                                    )
vs.                                 )   CAUSE NO. 2:16-CV-157
                                    )
DUTCH FARMS, INC. and               )
BRIAN GARNER, a citizen of          )
the State of Indiana,               )
                                    )
Defendants.                         )
```

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Enter Award of Attorney's Fees, filed on March 3, 2017 (DE #21). For the reasons set forth below, the motion is **GRANTED**. Plaintiffs are **AWARDED** their just costs and actual expenses, including attorneys' fees, as a result of the removal in the amount of $26,560.

BACKGROUND

On February 24, 2017, this Court entered an order remanding this case back to the Lake Superior Court of Lake County, Indiana. Additionally, this Court awarded the Plaintiffs their just costs and actual expenses, including attorneys' fees, as a result of the

1

removal. This award was based on a finding that Defendants lacked an objectively reasonable basis for removing this case.

In the instant motion, Plaintiffs initially sought $16,380 in fees for 36.4 hours of Attorney Robert D. Brown's time at a rate of $450 per hour. On March 10, 2017, Defendants expressed their intention to contest the reasonableness of the requested fees and sought an extension of time to respond to the request for fees. (DE #22). Both a response and a reply to the motion for extension of time were filed, and the extension was granted over Plaintiffs' objection. (DE ##23, 25, 26).

On March 15, 2017, Defendants again expressed that they believed Plaintiffs' request for fees was inflated and that they intended to propound written discovery on Plaintiffs to explore the matter. (DE #24). On April 4, 3017, Defendants asked the court to set an expedited deadline for discovery related to the fee petition, or in the alternative, to grant another extension of time. (DE #27). Two days later, the request for discovery was denied by Magistrate Judge John E. Martin. (DE #28). Judge Martin noted that the Defendants failed to cite to any law establishing that they are entitled to discovery or explain what information they might need to challenge the reasonableness of the requested fees. The Court set a deadline of April 17, 2017, for responding to the fee request and further ordered that Plaintiffs' counsel

was not required to respond to the discovery requests or attend any deposition concerning the attorney's fees.

Defendants filed their response on April 17, 2017, arguing that both the hourly rate and the number of hours Attorney Brown allegedly spent as a result of Defendants' removal were excessive. (DE #29). Plaintiffs filed a reply on April 24, 2017. (DE #30). In the reply brief, Plaintiffs seek an additional $10,180 in attorneys' fees as a result of Defendants actions subsequent to the filing of the motion to enter an award of attorney's fees. This additional request includes another 15.9 hours of Attorney Brown's time at a rate of $450 per hour and 11 hours of Attorney Sarah M. Cafiero's time at a rate of $275 per hour.

On May 2, 2017, Defendants sought leave to file a surreply in opposition to the fee petition. (DE #31). That motion was granted. (DE ##32 - 33). Plaintiffs responded to the motion for leave to file a surreply the same day the order was granted. (DE #34). Finally, this matter is fully briefed and ripe for adjudication.

## DISCUSSION

As the Supreme Court has stated, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin*

*Capital Corp*., 546 U.S. 132, 140 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. Under Seventh Circuit law, "if, at the time the defendant filed his notice in federal court, clearly established law demonstrating that he had no basis for removal, then the district court should award a plaintiff his attorneys' fees." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). This Court has already determined that attorneys' fees are appropriate in this case.

The only issue before this Court is whether the fees requested are reasonable. Generally, a reasonable attorney's fee is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended. *See Baker v. Trustworthy Land Title Co.*, No. 1:14cv01617-RZY-DML, 2015 WL 9487885 (S.D. Ind. Dec. 9, 2015). Under the unique circumstances of this case, the Court finds that both the rate requested and the amount of time expended as a result of Defendants' removal are reasonable.

Reasonableness of the Hourly Rate

Plaintiffs have asked that Attorney Brown be reimbursed at a rate of $450 per hour and that Attorney Cafiero be reimbursed at a rate of $275 per hour. In support of the request, Attorney Brown submitted his affidavit indicating that he has practiced since

4

1986 and is a partner with Kenneth J. Allen Law Group, LLC. He further asserts that $450 is a reasonable hourly rate for his work. And, he asserts that Magistrate Judge Paul Cherry awarded his partner fees at that rate in a 2014 case. The name of the case, *Evans v. Dart Trasit Co.*, 2:12-CV-186, was not contained in the affidavit, but it was provided in the reply brief.

Plaintiffs' counsel bears the burden of proving the hourly rate he has requested is reasonable. *See Pickett v. Sheridan Health Care Center*, 664 F.3d 632, 640 (7th Cir. 2011); *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001). In determining a reasonable rate, the Court considers "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *McNabola v. Chicago Transit Auth.*, 10 F.3d 5 501, 519 (7th Cir. 1993). When available, the best evidence of an attorney's market rate is his actual rate for comparable work. *Small*, 264 F.3d at 707.

> If, however, the court cannot determine the attorney's true billing rate – such as when the attorney maintains a contingent fee or public interest practice – the applicant can meet his or her burden by submitting affidavits from similarly experienced attorneys attesting to the rates they charge paying clients for similar work, or by submitting evidence of fee awards that the applicant has received in similar cases.

5

*Small*, 264 F.3d at 707. An attorney must "do more than merely request an hourly rate," but the threshold amount of evidence required should also not be set at an unattainable level. *People Who Care v. Rockford Bd. of Ed.*, 90 F.3d 1307, 1311 (7th Cir. 1996).

Attorney Brown could have produced better evidence to support his claim that the hourly rate of $450 is reasonable, but this is also not a situation where counsel has merely requested an hourly rate. Attorney Brown has produced an affidavit asserting that $450 was a reasonable hourly rate for the performance of his legal services, and also that his partner was awarded fees at that rate by Magistrate Judge Paul R. Cherry in another personal injury case in 2014. While the case name was not provided, the name of the judge deciding the case, the year of the ruling, the nature of the case (personal injury), and the nature of the award (discovery violations) were provided. The accuracy of Plaintiffs' assertion could have likely been verified from this information, should Defendants' counsel have desired to do so. While less than ideal, this is sufficient to satisfy Plaintiffs' initial burden.

Furthermore, the name of the case was provided in the reply brief. Defendant argues that the designation of additional evidence in the reply brief is inappropriate, but there is some precedent for allowing a plaintiff to provide supplemental evidence in the face of a defendant's argument that the

reasonableness of the hourly rate was not sufficiently supported. *See Staples v. Parkview Hosp., Inc*, No. 1:07-CV-327, 2010 WL 780204, *7-8 (N.D. Ind. Mar. 3, 2010)("The fact that Staples did not attach additional affidavits from other local or area attorneys as exhibits to their original motion is not a sufficient reason to deny Staples' Motion for Attorney Fees. Anyway, Mr. Mulholland's affidavit, filed with Staples' reply brief, defeats this portion of Parkview's argument.").

It has been held that the most direct evidence of an attorney's hourly rate is the rate he has received in a prior case. *Davis v. Lakeside Motor Co.*, No. 3:10-CV-405 JD, 2014 WL 3341033, *3 (N.D. Ind. July 7, 2014). Here, Attorney Brown did not provide evidence that he was previously awarded fees in the amount of $450 per hour, but an award of fees at this rate to his partner at the same law firm is similarly compelling evidence of the reasonableness of this rate.

Additionally, rates that other courts have awarded are relevant in determining the reasonableness of the requested rate. *Soleau v. Ill. Dept. of Transp.,* No. 09 C 3582, 2011 WL 2415008, *5* (N.D. Ill. June 9, 2011). While Defendants have referenced numerous cases with hourly rates spanning from $150 to $287, there are also cases that have authorized rates consistent with Plaintiffs' request. *See L.H.H. v. Horton*, 2:13-CV-452 (N.D. Ind. Mar. 10, 2015)($500); *Corcoran v. City of Chi.*, No. 10-CV-06825,

*5 (N.D. Ill. Sept. 15, 2015)($490); *Parish v. City of Elkhart*, No. 3:07-CV-452, 2011 WL 1360810, *2, 4 (N.D. Ind. Apr. 11, 2011)(awarding fees ranging from $295 to $425 to four attorneys).

Furthermore, the remedy when a fee applicant fails to sustain his or her burden of demonstrating that the requested hourly rate is reasonable is not the wholesale denial of attorney's fees. Rather, "[i]f a fee applicant does not satisfy its burden, the district court has the authority to make its own determination of a reasonable rate." *Pickett*, 664 F.3d at 640 (citing *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 409 (7th Cir. 1999)). A fee of $450 for a seasoned partner in a well-established law firm is consistent with this Court's own experience regarding reasonable hourly rates.

Defendants do not specifically take issue with the rate for Attorney Cafiero. Attorney Cafiero was awarded attorney's fees at the rate of $275 in *Evans v. Dart Transit Co.,* 2:12-CV-186, and this Court likewise finds the rate reasonable.

Reasonableness of the Hours Expended

Plaintiffs claim that they expended a minimum of 36.4 hours as a result of Defendants' improvident removal, and an additional 26.9 hours as a result of Defendants' vigorous efforts to dispute the reasonableness of the fee petition, for a total of at least 63.3 hours. This Court may exclude time that is inadequately

documented, excessive, redundant, or otherwise unnecessary. *Rice v. Sunrise Express, Inc.*, 237 F.Supp.2d 962, 972 (N.D. Ind. 2002).

Defendants argue that Plaintiffs' attorneys have not adequately documented their time. According to defense counsel, "[b]eyond the affidavit in support of his petition for fees, Plaintiffs have produced absolutely no evidence that he actually worked the number of hours he claims." (DE #29 at 7). It is not clear what evidence Defendants believe Attorney Brown is obligated to produce. His affidavit does not just allege the number of hours he worked. The tasks are broken down in considerable detail. For example, Attorney Brown alleges he spent .5 hours "reviewing and analyzing Defendants' Notice of Removal and related documents; determine timeliness of removal." (DE 21-1). He further asserts that he spent 5.6 hours as follows:

> Legal research re: standard of review; federal question jurisdiction; private right of action under FMCSRs; substantial federal question based on violation of FMCSRs; recovering attorney's fees for improper removal; prepare outline for response.

(*Id.*). This is precisely the kind of details that an attorney is expected to provide when seeking attorney's fees. Every detail need not be divulged. *Soleau*, 2011 WL 2415008, *5.* Rather, counsel must provide a description of the task performed and the general subject matter. *Clark v. Oakhill Condominium Ass'n, Inc.*,

No. 3:08-CV-283 RM, 2011 WL 1296719, *8 (N.D. Ind. Mar. 31, 2011). That has been provided.

Defendants also assert that, as an experienced litigator, Attorney Brown should have been more efficient. The amount of time expended in this case is substantial. Defendants accurately observe that most cases that are improvidently removed do not require 36.4 hours of attorney time, much less the 63.3 hours that Plaintiffs have, in the end, sought reimbursement for. This case was, however, unusual due to the highly acrimonious actions of Defendants' counsel. A simple review of the docket in this case reveals that this case strays from the usual in terms of number of filings considering that all that happened is that the case was removed and, upon Plaintiffs' motion, remanded. There is a fine line between vigorous representation and folly – counsel for Defendants crossed that line. The magnitude of the fees is this case is not the result of Attorney Brown's inefficiency, but counsel for Defendants' relentless pursuit of meritless arguments and possibly (and more cynically) delay tactics.

Despite Defendants' claim that the hours expended are excessive, they do not allege that any particular hours should be excluded, or provide evidence of a more reasonable expenditure of time on any given task. This Court cannot simply cut a fee petition down because it seems too high; reductions must be supported by explanation. *People Who Care*, 90 F.3d at 1314 (the court cannot

simply "eyeball the fee request and cut it down by an arbitrary percentage because it seemed excessive to the court.").

In their surreply, Defendants assert that it is impermissible for Plaintiffs' counsel to request an additional $10,180 in fees in their reply brief. Defendants further assert that this additional work is related to the reasonableness of the fee petition, not the remand itself. "Fees to recover fees may be available, if otherwise reasonable." *Evansville Greenway & Remediation Trust v. South Ind. Gas & Elec Co.,* No. 3:07-CV-66-SEB-WGH, 2012 WL 602638, *3 (S.D. Ind. Feb. 23, 2012); *see also Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407 (7th Cir. 2000). These are, in fact, expenses incurred as a result of Defendants' improvident removal.

Defendants also argue that Plaintiffs cannot recover any fees related to responding to discovery because it was not related to removal. The discovery referenced is discovery that Defendants served on Plaintiffs in an effort to defeat their fee petition. It was discovery not authorized by the federal rules of civil procedure. Magistrate Judge Martin ordered that Plaintiffs' counsel were not required to respond to the discovery requests or attend any scheduled depositions, but Defendants' attorneys had already expended time as a result of the requests. These efforts would not have been necessary but for Defendants' improvident removal of this case. Accordingly, Plaintiffs may recover for the

reasonable time expended as a result of Defendants' discovery efforts related to the instant petition for attorney's fees.

This Court has reviewed the record of proceedings and the affidavits of counsel in detail. Each and every line appears to this Court eminently reasonable under the circumstances of this case. Under the unique circumstances of this case, the time expended is reasonable.

CONCLUSION

For the aforementioned reasons, the Plaintiffs' Motion to Enter Award of Attorney's Fees (DE #21) is **GRANTED**. Plaintiffs are **AWARDED** their just costs and actual expenses, including attorneys' fees, as a result of the removal in the amount of $26,560.

**DATED: November 9, 2017**          **/s/RUDY LOZANO, Judge**
                                     **United States District Court**